UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEXIUM (ESOMEPRAZOLE)
ANTITRUST LITIGATION    MDL No. 2409

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the District of New Jersey moves to centralize this litigation in the District of New Jersey. This litigation currently consists of six actions pending in the District of Massachusetts, the District of New Jersey, and the Eastern District of Pennsylvania, as listed on Schedule A.[1]

All the responding parties support centralization, but disagree as to the transferee district. All of the defendants,[2] plaintiffs in the District of New Jersey *Value Drug Co.* action, and the plaintiff in a potential tag-along action in the District of New Jersey support the motion to centralize in the District of New Jersey. Plaintiff in the Eastern District of Pennsylvania *Fraternal Order of Police* action does not oppose the motion. Rochester Drug Co-Operative, Inc., a plaintiff in an Eastern District of Pennsylvania action, and International Brotherhood of Electrical Workers Local 595 Health and Welfare Fund, a plaintiff in a potential-tag along action in the same district, propose centralization in the Eastern District of Pennsylvania.[3] The plaintiffs in a District of Massachusetts action and a potential tag-along action support centralization in the District of Massachusetts.

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] The parties have notified the Panel of five additional related actions pending in the same three districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] The responding defendants are: AstraZeneca AB, Aktiebolaget Hassle, and AstraZeneca LP (AstraZeneca); Ranbaxy Pharmaceuticals, Inc., Ranbaxy, Inc., and Ranbaxy Laboratories, Ltd. (Ranbaxy); Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories, Inc. (Dr. Reddy's), Teva Pharmaceutical Industries, Ltd., Teva USA, Inc., and Teva Pharmaceuticals USA, Inc. (Teva), and Merck & Co., Inc., KBI, Inc., and KBI-E, Inc. (Merck).

[3] At the hearing, counsel for Rochester Drug Co-Operative, Inc., indicated that it and the plaintiffs in the District of New Jersey *Value Drug Co.* action also support centralization in the District of Massachusetts. Counsel for the plaintiff in the Eastern District of Pennsylvania *Fraternal Order of Police* action indicated that it also does not oppose centralization in the District of Massachusetts.

-2-

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are purported nationwide class actions alleging that defendants violated federal and state antitrust laws by excluding generic competition for Nexium[4] through, among other things, entering into reverse payment agreements in which AstraZeneca allegedly agreed to pay the generic manufacturer defendants substantial sums in exchange for delaying entry of their less expensive generic versions of Nexium into the market. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

In concluding that the District of Massachusetts is an appropriate forum for this docket, we note that this district, compared to the others proposed by the parties, is a relatively underutilized district in which three of the eleven related actions are pending. The district is both convenient and accessible for the parties and witnesses. Finally, by selecting Judge William G. Young to preside over this matter, we are selecting a jurist with multidistrict litigation experience, but who is not presently presiding over such a litigation. Judge Young has demonstrated both the ability and willingness to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable William G. Young for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.      Paul J. Barbadoro
Marjorie O. Rendell         Charles R. Breyer
Lewis A. Kaplan

---

[4] Nexium (esomeprazole magnesium) is a proton pump inhibitor that is prescribed for the treatment of heartburn, acid-reflux, and inflammation of the esophagus.

IN RE: NEXIUM (ESOMEPRAZOLE)
ANTITRUST LITIGATION                                         MDL No. 2409

## SCHEDULE A

<u>District of Massachusetts</u>

Professional Drug Company, Inc. v. AstraZeneca AB, et al., C.A. No. 1:12-11609

<u>District of New Jersey</u>

Meijer, Inc., et al. v. AstraZeneca AB, et al., C.A. No. 3:12-05443
Value Drug Company, et al. v. AstraZeneca Plc, et al., C.A. No. 3:12-05525

<u>Eastern District of Pennsylvania</u>

Fraternal Order of Police Miami Lodge 20, Insurance Trust Fund v. AstraZeneca LP,
    et al., C.A. No. 2:12-04893
New York Hotel Trades Council & Hotel Association of New York City, Inc. Health
    Benefits Fund v. AstraZeneca AB, et al., C.A. No. 2:12-04898
Rochester Drug Co-Operative, Inc. v. AstraZeneca AB et al., C.A. No. 2:12-04911